951 F.2d 1258
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ECC ENERGY CORPORATION, an Oklahoma corporation, Plaintiff-Appellant,
v.
CABOT PIPELINE CORPORATION, a Delaware corporation; Dyco
Petroleum Corporation, a Minnesota corporation; and Westar
Transmission Company, a Division of Cranberry Pipeline
Corporation, a Delaware corporation, Defendants-Appellees.
 No. 90-5218.
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1991.
 
 Before JOHN P. MOORE and TACHA, Circuit Judges, and KANE, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Appellant ECC Energy Corporation (ECC) appeals an order of the district court granting appellees' motions for summary judgment and denying ECC's partial motion for summary judgment. On appeal, ECC contends that the district court erred by determining that there were no genuine issues for trial and by failing to give notice to ECC that its claims for conversion, damages, and accounting were challenged by appellees' motions for summary judgment. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 In 1979, ECC and Dyco Petroleum Corporation (Dyco) entered into an Exploration Agreement and Joint Operating Agreement (JOA) naming Dyco as operator in the drilling of a well in Wheeler County, Texas, which came to be known as the Maxwell No. 1-23 well. Dyco subsequently assigned ECC an undivided 6.25% of Dyco's interest covering the property involved in this case.
 
 
 3
 On May 2, 1980, the gas contract that is the subject of this action was executed by Dyco and Pioneer Natural Gas Company (Pioneer), Cabot Pipeline Corporation's and Westar Transmission Company's predecessor. In that gas contract, Dyco dedicated only the interests owned by Dyco on the date of execution.
 
 
 4
 On July 23, 1980, ECC advised Dyco that it wanted to sell its share of gas under p 13 of the JOA. (ECC now contends that this was a ratification of the gas contract.) Dyco subsequently advised Pioneer of ECC's 6.25% interest in the well and that Dyco should be paid ECC's share for later disbursement from Dyco to ECC.
 
 
 5
 In December of 1986, Dyco sued Cabot and Westar for breach of the take-or-pay and drainage provisions of the gas purchase contract. Dyco ultimately settled its claims with Cabot and Westar on August 26, 1988. ECC now contends that it was party to the contract between Dyco, Westar, and Cabot and, therefore, is entitled to damages under the contract. Further, ECC seeks damages from Dyco for breach of fiduciary duty, breach of contract, and conversion. ECC also requests an accounting and seeks damages pursuant to Okla.Stat.Ann. tit. 52, § 541.
 
 
 6
 We AFFIRM for substantially the reasons given by the district court.
 
 
 
 *
 The Honorable John L. Kane, District Judge for the United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3